CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 7 2013

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY HENSON, | ) CASE NO. 7:13CV00002 |
| | ) |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| WARDEN OF THE WALLENS RIDGE | ) |
| STATE PRISON, | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Respondent. | ) |

Gary Henson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his detention under two life sentences. Upon review of the record, the court summarily dismisses the petition as untimely filed.

I

Gary Henson was convicted after a jury trial in the Circuit Court of the City of Bristol, Virginia, of first degree murder, robbery, and conspiracy to commit robbery. The Court sentenced Henson to two life terms plus ten years in prison. Judgment was entered against Henson on January 7, 2008. He appealed, and the Court of Appeals of Virginia denied his appeal on September 3, 2008. Henson further appealed to the Supreme Court of Virginia, which refused his petition on April 24, 2009. Henson did not file a petition for a writ of certiorari to the United States Supreme Court. On July 27, 2011, Henson filed a petition for a writ of habeas corpus in the Circuit Court for the City of Bristol; the Court dismissed the petition

on September 15, 2011.¹ Henson did not appeal this <u>habeas</u> ruling to the Supreme Court of Virginia.

Henson signed and dated his § 2254 petition on September 17, 2012, and mailed it to the United States District Court for the Eastern District of Virginia, which received it in October 15, 2012.² The petition alleges the following grounds for relief: (1) counsel rested without calling defendant to testify; and (2) counsel failed to impeach or move to exclude testimony of Tammy Williams.

## II

<u>Habeas</u> petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. <u>See</u> 28 U.S.C. § 2244(d)(1)(A).³ Under 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an

---

¹ State court records available online indicate that the circuit court denied Henson's <u>habeas</u> petition by order dated December 19, 2011. This discrepancy has no bearing, however, on the court's determination that Henson's § 2254 petition is untimely under § 2244(d)(1)(A).

² The case was transferred to this court on January 3, 2013, because the court that entered the conviction is located within the jurisdiction of this court, and Henson is currently incarcerated at Wallens Ridge State Prison, also located in this jurisdiction.

³ Under § 2244(d)(1), the one-year period of limitation for filing a <u>habeas</u> petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

inmate's "properly filed application for State post-conviction or other collateral review" is pending. If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The court notified Henson by order entered January 17, 2013, that his petition appeared to be untimely filed under § 2244(d) and would be dismissed as such after ten days, unless Henson provided additional information demonstrating that his petition was timely or that it should, nevertheless, be addressed on the merits. The ten days has passed with no further response from Henson.

After reviewing Henson's submissions, the court concludes that he did not file his § 2254 petition within the one-year filing period prescribed by § 2244(d). The Supreme Court of Virginia dismissed Henson's direct appeal on April 24, 2009. Henson then had ninety days to file a petition for a writ of certiorari in the United States Supreme Court.[4] As Henson did not file for certiorari, his City of Bristol convictions became final under § 2244(d)(1)(A) on July 23, 2009, and his one-year period to file a § 2254 petition began to run. That period expired on July 23, 2010. Henson did not file his § 2254 petition until September 17, 2012,[5] at the earliest, more than three years after his convictions became final. Henson's state habeas petition was filed more than a year after the federal filing period ended and, thus, cannot toll the filing period under § 2244(d)(2). Henson also does not state facts on which he would be entitled to have his federal filing period calculated under any of the other subsections of § 2244(d)(1). For these reasons,

---

[4] See Rules of the Supreme Court of the United States, Rule 13(1).

[5] Generally, a prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988).

the court finds that Henson's § 2254 petition is untimely under § 2244(d)(1)(A) and must be dismissed, absent a showing of grounds for equitable tolling.

Equitable tolling of a statutory limitations period is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005). Generally, petitioner's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling, because these conditions are not extraordinary or external to petitioner. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

In his petition, Henson offers three reasons that the court should not dismiss his habeas claims as untimely: (a) Henson cannot write well because he has only a fifth-grade education; (b) when Henson asked another inmate to help him file a habeas petition, that inmate "rip[p]ed him off"; and (c) the Wallens Ridge law library provides "specific case search only" and does not allow inmates to do "proper research." (DE 1, at 12.) The first of these two circumstances are not external to Henson, as he knew of his limited education and chose to seek the inmate's help with his habeas petition. The third circumstance—the prison law library's shortcomings— are not sufficient to support a ground for equitable tolling, because Henson fails to demonstrate any particular respect in which these conditions prevented him from filing a timely petition. Henson also fails to state facts showing that he diligently pursued his rights, and the fact that he waited two years to file his state petition and another year after that to file his federal petition

4

weigh against a finding that he was duly diligent.  Finding no ground on which Henson may invoke equitable tolling, the court dismisses Henson's petition as untimely filed.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 7th day of February, 2013.

/s/ James C. Turk
Senior United States District Judge